## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| DEJWAYNE SMITH,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO: 3:22-cv-10 |
| | ) |
| HARTFORD BAKERY, INC.,<br>    Defendant. | )<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.    Plaintiff, DeJwayne Smith ("Smith"), brings this Complaint against Defendant, Hartford Bakery, Inc., ("Defendant"), for its discriminatory actions toward him based on his, race, African-American, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

### II. Parties

2.    Smith is a citizen of the United States and has resided within the State of Indiana at all relevant times hereto.

3.    Defendant is a Domestic For-Profit Corporation who conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

### III. Jurisdiction and Venue

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5.    Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6.    Smith, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Smith satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 24C-2021-00064 alleging race discrimination, harassment, and retaliation. Smith's Notice of Suit Rights was issued on November 21, 2021, and he timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

9. Smith, who is African-American, was hired by the Defendant in or about June 2016. Smith held the position of Bread/Bun Pan Setter with the Defendant. Smith was paid $19.90 per hour and earned, with overtime, approximately $60,000 per year with the Defendant.

10. At all times relevant, Smith met Defendant's legitimate performance expectations.

11. During his tenure, Smith was harassed and treated differently based on his race.

12. For example, Smith was subjected to racial epithets and called the N-word by a White co-worker, Tony Racine ("Racine").

13. Smith engaged in a protected activity and reported the racial harassment to his supervisor, Vic Schaeffer, who is White. Smith's supervisor told him he should have "beat his (Racine's) ass." Smith also reported the harassment and unequal treatment to Danny Trotfeather and Defendant's Plant General Manager, Kent Berbage ("Berbage"). However, to Smith's knowledge, no action was taken against Racine and no action was taken with regard to any of his complaints.

14. Moreover, Racine has a history of making racist comments to African-American employees, the Defendant is aware of Racine's history and yet - it took no action against Racine.

15. Additionally, Smith was the only African-American who worked in his area. Smith and his similarly-situated White co-workers were to be relieved for breaks by a White employee, Andrew Dagger ("Dagger").

16. Dagger would harass Smith and would not relieve Smith for breaks.

17. Smith reported Dagger's actions to his supervisor, Clint [last name unknown] and to Defendant's Human Resources Representative, David Douglas ("Douglas"), who is White. Berbage was also aware of the issues Smith was having with Dagger. However, nothing was done.

18. In early April 2020, Smith again reported Dagger for discriminating against him and failing to relieve him for breaks.

19. On or about April 9, 2020, Smith was suspended from work for allegedly making physical threats and sexually harassing Dagger and another White employee, John Koontz ("Koontz").

20. On or about April 17, 2020, Smith met with Douglas and other members of Defendant's management, who were all White.

21. The group asked Smith why Dagger and Koontz would make such allegations against him.

22. Smith explained that he did not make any threats and that Dagger was making up allegations because Smith had previously reported his discriminatory behavior. Nonetheless, the Defendant has already decided to terminate Smith and elected to believe the false allegations leveled by the White employees. Racine and Dagger still hold their positions with the Defendant despite allegations of discrimination.

23. Smith was harassed, discriminated against and terminated based on his race and/or in retaliation for engaging in a protected activity.

## V. Causes of Action

### Count I. - Title VII – Race Discrimination Claim

24. Smith hereby incorporates by reference paragraphs one (1) through twenty-three (23) of his Complaint.

25. Smith was harassed, discriminated against and terminated based on his race, African-American.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant's actions were willful, intentional, and done with reckless disregard for Smith's civil rights.

28. Smith has suffered injury as a result of Defendant's unlawful actions.

### Count II. - Title VII – Retaliation Claim

29. Smith hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Smith was harassed, discriminated against and terminated in retaliation for engaging in protected activity.

31. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

32. Defendant's actions were willful, intentional, and done with reckless disregard for Smith's civil rights.

33. Smith has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, DeJwayne Smith, by counsel, respectfully requests that this Court find for Plaintiff and:

1.      Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their race;

2.      Order that the Plaintiff be awarded back pay, lost wages, including fringe benefits, pension, retirement - with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3.      Reinstate Plaintiff to his former position or award front pay in lieu thereof;

4.      Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5.      Award the Plaintiff punitive damages;

6.      Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7.      Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8.      Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,

 s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
E-Mail:         kfb@bdlegal.com
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, DeJwayne Smith, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        *s/Kyle F. Biesecker*
        Kyle F. Biesecker, Attorney No. 24095-49
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana 47708
        Telephone: (812) 424-1000
        Facsimile: (812) 424-1005
        E-Mail: kfb@bdlegal.com
        Attorneys for Plaintiff